# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:21-CR-00138-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | ) **ORDER** |
| DAVION LEE DRAYTON, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Dismiss the Third-Party Petition to Firearm. (Doc. No. 39) ("Motion"). Having carefully reviewed the Motion, the Court finds good cause to grant it. Accordingly, the Court **GRANTS** the Government's Motion to Dismiss.

## I. BACKGROUND

On May 18, 2021, Defendant was charged with possession of a Glock in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. No. 1). The Indictment contained a Grand Jury finding of probable cause for forfeiture for the Glock (model 17, 9mm pistol, serial number BMEN614), a high-capacity magazine, and ammunition. *Id*. On September 4, 2019, following a plea of guilty by Defendant this Court issued a Consent Order and Judgment of Forfeiture for the Glock. (Doc. Nos. 18, 23).

The United States sent direct notice of the Consent Order to Dequan Ervin. (Doc. No. 26). On October 15, 2021, Ervin submitted a Petition asserting ownership of the Firearm. (Doc. No. 27). Ervin did not sign his Petition under penalty of perjury. *Id*.

## II. DISCUSSION

Pursuant to Fed. R. Crim. P. 32.2(c)(1)(A), "[i]n the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Under 21 U.S.C. § 853(n)(3), a petition "shall be signed by the petitioner under penalty of perjury [ . . ..]." As noted above, Ervin did not sign his Petition under penalty of perjury. (*See* Doc. No. 27).

Courts strictly construe the requirement for a signature under penalty of perjury as an important stopgap to minimize the danger of false claims. *See United States v. Molina-Sanchez*, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) ("[T]he notice served on petitioner expressly stated that any petition must be filed under penalty of perjury, as required by the statute . . . Nothing in the record shows any reason for noncompliance. On this basis, therefore, the Petition should be dismissed."); *United States v. Sanders*, 2019 WL 4199805, at *1 (W.D.N.C. Sept. 4, 2019) (dismissing pro se petition for failure to comply with the penalty of perjury requirement). Accordingly, the Court will strictly construe the penalty of perjury requirement and grant the Motion.

## III. ORDER

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss the Third-Party Petition to Firearm (Doc. 39) is **GRANTED,** and the Petition, (Doc. No. 27). is **HEREBY DISMISSED**.

**SO ORDERED**

Signed: April 4, 2022

Kenneth D. Bell
United States District Judge